**WALLING, Adm'r, Wage and Hour Div., U. S. Dept. of Labor, v. NATIONAL ICE & FUEL CORPORATION.**

No. 9009.

Circuit Court of Appeals, Seventh Circuit.

Nov. 1, 1946.

William S. Tyson, Sol., Bessie Margolin and George M. Szabad, Asst. to Sol., Department of Labor, all of Washington, D. C., and Kenneth P. Montgomery, Department of Labor, of Chicago, Ill., for appellant.

Jerome H. Dray, Harry R. Hurvitz, and Morris W. Needlman, all of Chicago, Ill., for appellee.

Before KERNER and MINTON, Circuit Judges, and HOLLY, District Judge.

KERNER, Circuit Judge.

By his complaint the Administrator of the Wage and Hour Division sought an injunction under § 17 of the Fair Labor Standards Act of 1938, 52 Stat. 1069, 29 U.S.C.A. § 217, to enjoin defendant from violating the overtime requirement of the Act.

Defendant operates manufacturing plants at Chicago, Illinois, in which it employs twenty to seventy persons in the production, sale, and distribution of ice for interstate commerce. The sole conflict between the parties arose over the question as to whether ten of the employees—nine en-

gineers and a chief engineer—are employed in a bona fide executive capacity within the meaning of § 13(a) (1) of the Act.[1]

At the pre-trial conference plaintiff offered to prove that the duties of the engineers were not such as to qualify them as bona fide executive employees and that they received a straight hourly wage regardless of the number of hours worked. Thereupon the court assumed the truth of everything offered to be proved, but made no findings of fact as to whether defendant had in the past or was then failing to comply with the Act, and dismissed the complaint for want of equity.

The court bottomed dismissal of the complaint on his belief that (1) a close issue of law and fact was presented and (2) that other remedies, namely, employee suits and criminal prosecutions, were available under the Act.

In this court, upon oral argument, counsel for defendant admitted that the fact that employee suits and criminal prosecutions were available did not preclude plaintiff from applying for injunctive relief. See Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 709, 65 S.Ct. 895, 89 L.Ed. 1296, and Walling v. T. Buettner & Co., 7 Cir., 133 F.2d 306, 307. Thus, solely for the purpose of this appeal, it appears that the engineers are not employed in an executive capacity; that they receive a straight hour-ly wage regardless of the number of hours worked; and that no showing has been made that defendant will cease and discontinue the unlawful practices.

The Fair Labor Standards Act is remedial and must be given a liberal construction with its manifest intent and purpose in view. One of its objectives is to fix standards of hours and wages of those engaged in handling goods or producing goods for interstate commerce. It must not be applied in a narrow, grudging manner. Tennessee Coal, Iron & R. Co. v. Muscoda Local, 321 U.S. 590, 64 S.Ct. 698, 88 L.Ed. 949, 152 A.L.R. 1014. While it is true that the granting of an injunction lies within the court's discretion, Hecht Co. v. Bowles, 321 U.S. 321, 64 S.Ct. 587, 88 L.Ed. 754, and Bowles v. Arlington Furniture Co., 7 Cir., 148 F.2d 467, nevertheless, upon proof of violations of the Act where no recognized mitigating factors appear or are presented, Administrator is entitled to an injunction, Walling v. Youngerman-Reynolds Hardwood Co., 325 U.S. 419, 65 S.Ct. 1242, 89 L.Ed. 1705. With these principles in mind, we think the case of Walling v. Panther Creek Mines, 7 Cir., 148 F.2d 604, is controlling. In that case this court held that where the evidence shows existing violations and no showing has been made that the unlawful practices have been abandoned or promise made that

---

[1] Section 13(a) (1) of the Act, 52 Stat. 1067, 29 U.S.C.A. § 213(a) (1), exempts from the wage and hour provisions "any employee employed in a bona fide executive, [or] administrative * * * capacity * * * (as such terms are defined and delimited by regulations of the Administrator);" Pursuant to the authority thus conferred, the Administrator promulgated regulations defining and delimiting the terms of § 13(a) (1). 5 Fed.Reg. 4077, Part 541, § 541.1. The pertinent regulations defining "executive" are:

"(a) whose primary duty consists of the management of the establishment in which he is employed or of a customarily recognized department or subdivision thereof, and

"(b) who customarily and regularly directs the work of other employees therein, and

"(c) who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring or firing and as to the advancement and promotion or any other change of status of other employes will be given particular weight, and

"(d) who customarily and regularly exercises discretionary powers, and

"(e) who is compensated for his services on a salary basis at not less than $30 per week (exclusive of board, lodging, or other facilities), and

"(f) whose hours of work of the same nature as that performed by nonexempt employees do not exceed 20 percent of the number of hours worked in the workweek by the nonexempt employees under his direction; provided that this subsection (f) shall not apply in the case of an employee who is in sole charge of an independent establishment or a physically separated branch establishment."

they will be discontinued, a decision denying an injunction will be reversed. Such must be the order in this case.

The District Court's decree is vacated and the cause is remanded for further proceedings not inconsistent with the views herein expressed. It is so ordered.

